NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTONIO JOHNSON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2032

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-01236-LJB, Senior Judge Lynn J. Bush.

---

Decided: January 18, 2017

---

ANTONIO JOHNSON, LaGrange, KY, pro se.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before DYK, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Antonio Johnson appeals the judgment of the Court of Federal Claims dismissing his claim that he was wrongfully discharged from the United States Army and upholding a decision by the Army Board for Correction of Military Records ("ABCMR") not to convert Johnson's involuntary discharge for disciplinary reasons into a disability retirement. We *affirm*.

BACKGROUND

Johnson's military service began with his enlistment in the Army on January 29, 1980. He received an involuntary administrative "general discharge under honorable conditions" on December 13, 1988. In the two years leading up to his discharge, Johnson was disciplined for various instances of misconduct, including a conviction for driving under the influence, nonpayment of debts and court judgments, and for being absent without leave.

In connection with his discharge, Johnson received a comprehensive medical evaluation on April 21, 1988. Records from this evaluation indicated that Johnson complained of a "[r]ecent gain or loss of weight" and "[r]ecurrent back pain," but that he suffered from no other ailments besides those he had identified. Appx225–26. Handwritten annotations also reflected that Johnson was hospitalized in 1984 following a motor vehicle accident in which he injured his back. Clinical evaluations of Johnson concluded that he was physically qualified for separation and that he had the mental capacity to understand and participate in his discharge proceedings. Four weeks after being medically evaluated for military discharge, Johnson was hospitalized for eighteen days due to chest pain and given a diagnosis of pleurodynia secondary to a viral infection. He left the hospital on June 6, 1988, "markedly improved," with instructions that he be given limited duty for one week. Appx163.

In 2013, Johnson filed an application with the ABCMR, asserting that he was entitled to a medical disability discharge retirement in 1988. He requested that his military discipline records be expunged, his general discharge voided, and that he be awarded medical disability retirement. The ABCMR denied his application on October 15, 2014.

Johnson then filed a complaint in the Court of Federal Claims alleging that he had been wrongfully discharged from the Army and that he was entitled to "physical disability retirement with pay." Appx7. The court granted the government's motion to dismiss Johnson's wrongful military discharge claim as jurisdictionally barred by the six-year limitations period of 28 U.S.C. § 2501. The court also granted the government's motion for judgment on the administrative record with respect to Johnson's disability retirement claim, finding that the ABCMR's denial of Johnson's application was neither arbitrary, capricious, nor unsupported by substantial evidence. Johnson appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a dismissal for lack of subject matter jurisdiction *de novo*. *See Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1029 (Fed. Cir. 2012). "We review a decision of the Court of Federal Claims granting or denying a motion for judgment on the administrative record without deference . . . [and] will not disturb the decision of the [ABCMR] unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005).

Our cases make clear that a claim for wrongful discharge accrues at the time the discharge occurred. *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Johnson's wrongful discharge claim was filed in the Court of Federal Claims more than two dec-

ades after his discharge from the Army in 1988. His claim is therefore barred by the six-year statute of limitations of 28 U.S.C. § 2501.

As for Johnson's claim of entitlement to military disability retirement benefits, we perceive no error in either the analysis of the Court of Federal Claims or that of the ABCMR. In order to establish entitlement to disability retirement, Johnson was required to show that his service was "interrupted . . . because of a physical disability incurred or aggravated in service" and that he could "no longer continue to reasonably perform" his duties. Army Reg. 635–40 ¶ 3–2(b)(1) (Mar. 8, 2006).[1] In finding that Johnson did not satisfy this standard, the ABCMR considered Johnson's medical records, including the medical evaluation of Johnson taken as part of his discharge proceedings, which had found him "medically qualified for separation." Appx113. The ABCMR accepted this as evidence that Johnson was "medically and psychiatrically fit for military service" at the time of his discharge. *Id.* The record of Johnson's hospitalization for chest pain shortly after his evaluation does not yield a different conclusion, and Johnson identifies no other record that would. To the extent that Johnson alleges on appeal that military personnel misled him or fabricated records, that his records are inaccurate, or that his discharge was procedurally flawed, he identifies no evidence that would

---

[1]     *See also* Army Reg. 635–40 ¶ 2–1 (Dec. 13, 1985) ("The mere presence of an impairment does not, of itself, justify a finding of unfitness because of physical disability. In each case, it is necessary to compare the nature and degree of physical disability present with the requirements of the duties the member reasonably may be expected to perform because of his or her office, grade, rank, or rating . . . .").

support such allegations. The judgment of the Court of Federal Claims is

**AFFIRMED**

Costs

No costs.